# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAY STANICH,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0752-14-0425-I-1

DATE: August 14, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jay Stanich, Portland, Oregon, pro se.

Michael R. Tita, Esquire, Seattle, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged involuntary retirement for lack of Board jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The essential facts, as set forth by the administrative judge and not contested by the parties on review, are as follows:  (1) the appellant worked as a supervisor at the agency's Lake Grove Station, Lake Oswego, Oregon; (2) in September 2013, the appellant was notified that he had been assigned to a route inspection team, which would require him to ride in a jump seat of a U.S. Postal Service vehicle on a number of routes; (3) the appellant informed the Postmaster that he could not ride in a jump seat due to a medical condition; (4) the Postmaster requested that the appellant provide a medical excuse to that effect in order to excuse him from participation on the route inspection team; and (5) the appellant did not obtain a medical excuse because he felt it was demeaning given his position and age, and because he feared his immediate supervisor would then be required to complete the routes herself.  Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 3-4.  Rather than presenting medical documentation to excuse his participation on the route inspection team, the appellant began to

assemble his retirement application. *See* IAF, Tab 6 at 10-22. Effective January 3, 2014, the appellant retired from his position with the agency. *Id.* at 10-11.

¶3   On March 26, 2014, the appellant filed an appeal to the Board alleging involuntary retirement. IAF, Tab 1. The administrative judge issued an order on jurisdiction and proof requirements, which, in part, ordered the appellant to file evidence and argument to prove that the action was within the Board's jurisdiction. IAF, Tab 3. The order explained that to be entitled to a hearing the appellant must make a nonfrivolous allegation that his retirement was involuntary because: (1) the agency made misleading statements that he relied on to his detriment; (2) his working conditions were so intolerable that a reasonable person in his position would have felt compelled to resign or retire; (3) he sought to withdraw his retirement prior to its effective date and the agency did not have a valid reason for not allowing its withdrawal; (4) his retirement was the product of mental incompetence or was secured in violation of the law; or (5) the agency proposed to remove him based upon reasons the agency knew could not be substantiated. *Id.* at 2. In response, the appellant proffered that his retirement was involuntary because: (1) the postmaster never offered him a reasonable accommodation; (2) he believed that if he had to use a jump seat again he would permanently injure himself; and (3) he was suffering from impaired decision making skills at the time he decided to retire due to medication he was taking. IAF, Tab 5 at 4. The agency moved to dismiss the appeal for lack of jurisdiction on the grounds that: (1) the agency effectively provided a reasonable accommodation; and (2) the appellant's alleged mental impairment did not meet the threshold for mental incapacity. IAF, Tab 6 at 4-8.

¶4   After holding a conference call with the parties, the administrative judge issued an order and summary of conference call, which reiterated that the appellant would not be entitled to a hearing unless he made a nonfrivolous allegation that the matter was within the Board's jurisdiction. IAF, Tab 8 at 1. Further, the order explicitly set forth the appellant's burden to establish

involuntariness on the basis of mental incapacity or coercion, including how a failure to provide a reasonable accommodation is relevant to finding coercion. IAF, Tab 8 at 2-3. The administrative judge held the record open for an additional 7 days to allow the parties to submit further evidence or argument. *Id.* at 3. The appellant timely submitted an additional pleading in which he argued that: (1) obtaining a medical excuse would have accomplished "little"; and (2) he did not know how he could prove his mental impairment, but to him it was "quite evident" because he experienced the transition from "complete ambivalence" back to "rational thought."[2] IAF, Tab 9 at 4-5. The agency responded, again arguing that the appellant had failed to plead a nonfrivolous allegation sufficient to support Board jurisdiction. IAF, Tab 10 at 4-6. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to make a nonfrivolous allegation that his retirement was involuntary based on duress, coercion, or mental incapacity.[3] ID at 4-8.

¶5    On June 7, 2014, the appellant, pro se, filed a timely petition for review arguing, among other things, that he suffered from mental incapacitation at the time he applied for retirement because he was "ambivalent to everyday events and personal decisions" as a side effect of his medication. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to the petition for review. PFR File, Tab 11.

¶6    Absent evidence to the contrary, a retirement is presumed to be a voluntary act that is beyond the Board's jurisdiction. *Covington v. Department of Health & Human Services*, 750 F.2d 937, 941 (Fed. Cir. 1984); *see Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). However, where a retirement is

---

[2] The appellant also argued that: (1) the agency was aware of his back condition as early as 2010; and (2) the agency was aware or should have been aware that he was suffering from a mental impairment while he was applying for retirement. IAF, Tab 9 at 4-5.

[3] We note that the appellant withdrew his request for a hearing. IAF, Tab 9 at 4.

shown to be involuntary, it is an adverse action over which the Board has jurisdiction, tantamount to a forced removal. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc); *Mims*, 120 M.S.P.R. 213, ¶ 16. As set forth by the administrative judge, when an appellant claims that his resignation was involuntary due to mental incapacity, the proper test is whether, at the time he submitted his resignation, the appellant was capable of making a rational decision to resign. IAF, Tab 8 at 3; *see Savage v. Department of the Air Force*, 30 M.S.P.R. 665, 668 (1986).

¶7        In the initial decision, the administrative judge considered the appellant's medical evidence, including the March 31, 2014 doctor's note and subjective evidence, including the appellant's statements and his descriptions of interactions with the agency manager. ID at 7. The administrative judge noted that, while the medical doctor opined that the appellant's decision-making was better and wiser when he was not taking the medication, the doctor did not state or suggest that the appellant was incapable of making rational decisions or that he had any mental defect at the time that the appellant elected to retire.[4] ID at 7; *see* IAF, Tab 5 at 5. She further explained that the fact that the appellant suffered from pain and the effects of medication causing him to lose concentration did not mean that he was unable to rationally consider the consequences of retiring. ID at 7-8. As such, the administrative judge concluded that the appellant failed to nonfrivolously allege that he was incapable of making a rational decision to retire. *See* ID at 7-8. We agree and discern no reason to disturb the administrative judge's determination that the appellant failed to plead a nonfrivolous allegation that his retirement was involuntary.[5] *See Crosby v. U.S.*

---

[4] As stated previously, the appellant began the retirement application process three months before his actual retirement. IAF, Tab 6 at 10-22. Thus, his decision to retire was seemingly not an impulsive one.

[5] In his petition for review, the appellant also asserts that two other supervisors were accorded preferential treatment because they were purportedly not required to provide a

*Postal Service*, [74 M.S.P.R. 98](#), 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same).

¶8     On June 12, 2014, the appellant filed a motion for leave to supplement his petition with "very pertinent medical statements" from two doctors.[6]  PFR File, Tab 4 at 3.  The agency opposed the appellant's motion for leave on the ground that the evidence he sought to introduce was readily available before the record closed.  PFR File, Tab 7 at 4-6.  On June 16, 2014, the appellant filed a "Request for Permission" to file a supplemental pleading drafted by a pro bono attorney, in addition to the two letters from his doctors.  PFR File, Tab 9 at 3.  On June 30, 2014, the appellant submitted these supplemental documents as attachments to his reply to the agency's opposition to his petition for review.[7]  PFR File, Tab 13.

---

medical note to excuse them from route inspections.  PFR File, Tab 1 at 4.  Even if true, such a claim does not support a finding of mental incapacity and does not otherwise show that the appellant's retirement was involuntary.

[6] The appellant attempted to submit additional pleadings and evidence on June 10, 11, 12 and 14, 2014, but was advised by the Office of the Clerk of the Board that the Board's regulations at [5 C.F.R. § 1201.114](#)(a)(5) do not allow for these types of pleadings.  PFR File, Tabs 3, 5, 8, and 10.  The Clerk of the Board advised the appellant that he could submit a motion requesting leave to file an additional pleading explaining the nature and the need for the pleading and showing that the evidence was not readily available before the record closed.  *Id.*; 5 C.F.R. § 1201.114(a)(5), (k).

[7] The additional documents include a pleading from pro bono attorney William H. Brawner and the two medical notes written by Drs. Erickson and Harper.  PFR File, Tab 13.  Attorney Brawner explains that the appellant did not have the "foggiest notion" as to what his burden of proof was to establish Board jurisdiction, and urged the Board to remand the case for a determination as to whether or not the appellant was medically incapacitated at the time he resigned.  *Id.* at 5-8.  Dr. Erickson's letter noted that at the time of his resignation, the appellant was suffering from "specific difficulties with cognition" and was "listless, foggy, lacked initiative, and found it difficult to concentrate and exert focus on his tasks."  *Id.* at 9.  Dr. Erickson concluded that the appellant was "unable to exercise appropriate judgment with regard to his decision to

Thereafter, the agency moved for leave to file a motion to strike the attachments to the appellant's reply, or, in the alternative, to be permitted to file a "surresponse." PFR File, Tab 14 at 4-5. In light of our ruling below and the disposition of the appellant's petition for review, we deny the agency's motion.

¶9        The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. 5 C.F.R. § 1201.115(d); *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. 5 C.F.R. § 1201.115(d); s*ee Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Here, the appellant has not shown that the information contained in the medical notes regarding the appellant's mental state from September 2013 to January 2014 was not available or obtainable prior to the close of the record on May 1, 2014. *See* ID at 1. Thus, the Board will not consider the appellant's medical evidence submitted for the first time on review.[8] Regarding the brief from attorney William Brawner, we have considered it as a reply to the agency's response to the appellant's petition for review, but find that it does not establish a basis to disturb the initial decision. PFR File, Tab 13 at 5-8; *see* 5 C.F.R. § 1201.114(a)(4).

---

resign." *Id.* Dr. Harper advised that the appellant had been on Lisinopril and Metoprolol, and that he was experiencing "some memory and cognition issues" at the end of 2013 and beginning of 2014, likely attributable to the medication. *Id.* at 10.

[8] The appellant's motion to submit the medical evidence as a supplemental filing is denied. 5 C.F.R §§ 1201.114(k) and 1201.115(d). Even if we were to consider the medical evidence, the appellant has not established mental incapacity at the time of his retirement.

## ORDER

¶10    Therefore, we DENY the appellant's petition for review and AFFIRM the initial decision, which dismissed the alleged involuntary retirement appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.